**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        CASE NO. 05-80810

   Plaintiff,        HON. LAWRENCE P. ZATKOFF

v.

LEON JOHNSON,

   Defendant.

_____/

**SENTENCING OPINION**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on December 13, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

Defendant pled guilty in this Court to counts 1, 2, and 29, which charged Defendant with conspiracy to possess with intent to distribute and to distribute marijuana and cocaine, and unlawful use of a communications facility. For the reasons set forth below, the Court sentences Defendant to thirty-six months imprisonment.

**II. SENTENCING FACTORS**

When sentencing a defendant, the Court must consider the relevant factors from 18 U.S.C. § 3553, and articulate the reasons for its sentencing decision. *United States v. McBride,* 434 F.3d 470, 476 (6th Cir. 2006). The Court will now analyze the relevant factors as they relate to Defendant

1.      **The Nature and Circumstances of the Offense**

Defendant became involved in the drug conspiracy through the influence of his brother, codefendant Kevin Youngblood. Defendant's sole contact with the conspiracy was through Youngblood, and he did not know anyone else in the conspiracy. Defendant aided Youngblood with the distribution of drugs, and allowed Youngblood to use his vehicle to distribute drugs.

2.      **The History and Characteristics of the Defendant**

In 1993 and 1997 Defendant was convicted of carrying a concealed weapon. Since 1996, Defendant has maintained steady employment with DaimlerChrysler. From 2002 to 2005 Defendant served as a board member to UAW Local 7. Defendant has two children whom he supports, and is current with his payments.

3.      **The Seriousness of the Offense**

While the instant conspiracy involved large amounts of drugs and was extremely serious, Defendant's involvement with the conspiracy was limited. As noted above, Defendant became involved with the conspiracy through the influence of his brother, Youngblood, and did not have contact with any other member of the conspiracy.

4.      **Guideline Range**

The guideline range is 70 to 87 months.

5.      **Promote Respect for the Law, Afford Adequate Deterrence to Criminal Conduct, and Protect the Public From Further Crimes of the Defendant**

Defendant has had no contact with the criminal justice system since 1997. He has also been gainfully employed through that period, and is current with his child support payments. He also served in a leadership position in his union from 2002 to 2005. The Court finds that Defendant would have continued to have no contact with the criminal justice system were it not for the

2

influence of his brother, Youngblood.  The Court notes the Youngblood was responsible for the introduction of three other people into the conspiracy, two of whom had no prior criminal record. The Court finds that Defendant's participation in the conspiracy was aberrant behavior, and that Defendant does not pose a future risk to society.  Based on this finding, and Defendant's demonstrated work ethic over the past nine years, the Court holds that a below-guideline sentence is sufficient to promote respect for the law, afford adequate deterrence to criminal conduct, and protect the public from further crimes of Defendant.

### III. CONCLUSION

For the reasons set forth above, the Court sentences Defendant to thirty-six months imprisonment.

IT IS SO ORDERED.

        S/Lawrence P. Zatkoff  
        LAWRENCE P. ZATKOFF  
        UNITED STATES DISTRICT JUDGE

Dated:  December 13, 2006

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 13, 2006.

        S/Marie E. Verlinde  
        Case Manager  
        (810) 984-3290